IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melvin C. Baker, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:15-3599-RMG |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | **ORDER** |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on December 12, 2016 recommending that the decision of the Commissioner be reversed and remanded because of an inadequate assessment of the claimant's residual functional capacity ("RFC") by the Administrative Law Judge (ALJ) related to the Plaintiff's persistent complaints of fatigue associated with his diagnosis of multiple sclerosis. (Dkt. No. 21 at 16-19). The Magistrate Judge concluded that the record relied upon by the ALJ, which primarily derived from a one-page report by Dr. Richard Polin, was insufficient to determine if there was substantial evidence to support the Commissioner's RFC finding. (*Id.* at 19-20). The Commissioner has filed a response to the Magistrate Judge's Report and Recommendation indicating that she will file no objections. (Dkt. No. 23).

This application for disability benefits has a protracted and troubled history. Plaintiff initially applied for Disability Insurance Benefits (DIB) on November 11, 2010 and asserted a disability onset date of July 15, 2010. The application was denied by the ALJ on November 1, 2012, and Plaintiff thereafter timely filed an appeal to this Court. This Court reversed the denial of benefits and remanded the matter to the agency on June 20, 2014, after the Commissioner moved to remand the matter to allow further evaluation of Plaintiff's complaints related to fatigue associated with his multiple sclerosis. *Baker v. Colvin*, C.A. No. 4:14-2316-RMG (June 20, 2014). While Plaintiff's appeal was pending in this Court, he made a second application for Social Security disability benefits based on the same medical conditions, which were ultimately awarded by the Appeals Council effective November 1, 2011. Tr. 293.

The agency's award of benefits effective November 1, 2011 was well supported by the record. Plaintiff was initially diagnosed with multiple sclerosis complicated by severe fatigue in March 2010 by his family physician, Dr. S.C. Evans. Plaintiff was thereafter referred to Dr. Aljoeson Walker, a board-certified neurologist at the Medical University of South Carolina. From Dr. Walker's initial assessment of Plaintiff in September 2010 through the last evaluation in the record in May 2012, she consistently diagnosed him with "remitting-relapse multiple sclerosis" with "severe fatigue and tiredness." Tr. 167-68, 195-96, 230-31, 232-233, 242-44. A neurological evaluation conducted for the Social Security Administration by Dr. Kerri Kolehma on April 27, 2011 noted Plaintiff's fatigue and diagnosed him with "relapsing-remitting MS . . . in the relapsing phase" that "continues with deficits from prior episodes." Tr. 200-201.

The Social Security Administration's award of disability benefits to Plaintiff effective November 1, 2011 left open the issue of his entitlement to benefits for the period from his

alleged onset date of July 15, 2010 until October 31, 2011. In light of the documented medical record in this matter from Plaintiff's treating physicians and an examining physician, one might have thought that an award of benefits on remand from the alleged onset date of July 15, 2010 until October 31, 2010 would be something of a formality. Tr. 154, 157, 167. To the contrary, the agency summoned the assistance of an Oregon-based chart reviewer, Dr. Richard Polin, who one court has described as "a medical consultant for the Social Security Administration." *Mulhall v. Colvin*, C.A. No. 8:11-441, 2013 WL 959003 (D. Neb. Mar. 12, 2013). In a one-page report, Dr. Polin, who has never examined or treated Plaintiff, concluded that "the claimant was capable of light work." Tr. 428. He provided no support for this conclusion, which is inconsistent with a conclusion already reached by the agency that Plaintiff has been disabled at least since November 1, 2011. Dr. Polin made no reference to this agency finding in his truncated report and offered no evidence to suggest that this very same conclusion would not be reached from the July 2010 onset date asserted by Plaintiff until October 31, 2011.

The Magistrate Judge correctly noted that Dr. Polin's report is so sparse that substantial evidence review is not possible. (Dkt. No. 21 at 19-20). The Court further notes that as a non-examining and non-treating physician, Dr. Polin's opinions should be accorded the lowest level of deference under the Treating Physician Rule, and greater weight should be given to examining and treating physicians, such as Drs. Walker, Evans and Kolehma. 20 C.F.R. § 404.1527(c). The ALJ's decision reflects no application of the standards of the Treating Physician Rule and provides an additional basis for reversal and remand beyond the well-reasoned Report and Recommendation of the Magistrate Judge.

The Court has reviewed the Report and Recommendation and the record evidence and

finds that the Magistrate Judge has ably addressed the factual and legal issues in this matter. Therefore, the Court **ADOPTS** the Report and Recommendation as the order of this Court, as further explained by this Court's order. The Court **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the Commissioner for further proceedings consistent with this order. In the event the agency feels it needs further medical information regarding Plaintiff, it would seem highly appropriate for the ALJ to reach out to Plaintiff's treating physicians rather than non-treating and non-examining physicians a continent away.

    AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 29, 2016